*Barr, Goodloe, for appellee.*

---

## OWSLEY COUNTY COURT *v.* LEE COUNTY COURT.

**Counties—New County—Liability for Taxes.**

Where a new county is created from territory which formerly belonged to another county or counties the detached territory is not liable for taxes levied by the county from which it was detached, but only to levies by the new county.

APPEAL FROM LEE CIRCUIT COURT.

March 19, 1873.

OPINION BY JUDGE PRYOR:

The character of the proceeding adopted by the appellant is proper if any such right has been manifested by the petition as authorizes a recovery.

The act of March 9, 1854, 2 Revised Statutes 251, is not, in our opinion, to be applied to any boundary of land taken from one or more counties for the purpose of forming a new county. The act reads: "that whenever a change has been, or shall be made in the boundary of any county or counties of this commonwealth after the 10th of January in each year, whereby a portion of the territory of one county is added to another county, the state revenues and county levy shall be assessed and collected for such year in the same manner as if such change had not been made," etc.

The reason for the enactment of this statute was doubtless to secure for the county losing the territory all the revenue, or rather the county levy, for the purpose of relieving it of its indebtedness which had been created on the faith and credit of its entire population. Whilst this benefit results to the county losing its population, it works no injury to the county to which the territory is attached, as its indebtedness must have also been created alone upon the faith and credit of those at the time living within its boundary.

In regard to the formation of new counties the inhabitants must necessarily assume a heavy burden in the way of taxation for the purpose of erecting their public buildings, and in order to enable them to do this there seems to have been no reservation by any enactment to the counties out of which the new counties had been created enabling the former to proceed with the collection of the county levy in order to meet their indebtedness. It is a sacrifice that such counties must make, viz., the loss of their territory and revenue for the public good. If any other rule should be adopted the new county would be unable to collect one dollar of revenue for the first year of its existence. Whether the county from which the territory has been detached is compelled to pay allowances made to those living in the deducted territory for public improvements made in that part of the old county that at the time of the construction of

the improvement belongs to the new county is a question not necessary to determine in this proceeding. The act creating the county of Lee made all those within its boundary·subject to the jurisdiction of the courts answerable to its orders in regard to the county levy, and the assessment and levies made for county purposes they were compelled to pay.

The demurrer was properly sustained and the judgment is therefore *affirmed*.

*Jno. L. Scott, James M. Sebastian, A. H. Clarke, for appellant.*

*James, H. C. Lilly, for appellee.*